NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA JANE MCNEELY, | No. 14-16381 |
| Plaintiff-Appellant, | D.C. No. 5:13-cv-03484-PSG |
| v. | |
| UNITED STATES DEPARTMENT OF LABOR; SHARON TYLER, Pacific Regional Director Workers Compensation Program; JOYCE VAIL, District Director, Privacy Act Officer, Division of Energy Employees Seattle District 4; AARON WARREN, Hearing Officer Final Adjudication Branch Division of Energy Employees District 4; MAREK BRUSTAD; ROSE MARIE L. AUDETTE, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Paul S. Grewal, Magistrate Judge, Presiding

Argued and Submitted November 15, 2017
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  GOULD and MURGUIA, Circuit Judges, and GRITZNER,[**] District Judge.

Plaintiff-Appellant Martha J. McNeely appeals the district court's grant of summary judgment to Defendants-Appellees upholding the Department of Labor's ("DOL") decision denying McNeely's application for survivor benefits under the Energy Employees Occupational Illness Compensation Program Act ("EEOICPA" or "Act"). On appeal, McNeely challenges the district court's determinations regarding Part B of the Act. Specifically, McNeely objects to the district court's determinations that DOL's conclusions that McNeely failed to establish a specified cancer diagnosis, and that McNeely also failed to show that the probability of causation calculation[1] was flawed were neither arbitrary nor capricious.[2] McNeely also challenges the district court's finding that it lacked jurisdiction to consider her Part E claim, and the district court's alternate conclusion that even if it possessed

---

[**]     The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

[1] "Probability of causation calculation" refers to the process by which DOL—with the help of the Department of Energy and the Department of Health and Human Services—determines whether a person's cancer was "at least as likely as not" related to employment at a facility covered by the Act. *See, e.g.*, *Valero v. United States Dep't of Labor*, No. CV-06-5071-RHW, 2013 WL 12202734, at \*1 (E.D. Wash. Jan. 11, 2013) (explaining the process through which an eligible person can establish eligibility under Part B of the Act).

[2] Because McNeely does not contest the district court's rulings on the Privacy Act and the Freedom of Information Act claims, she has waived any challenge to those rulings. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

jurisdiction over that claim, DOL properly denied McNeely's Part E claim because she did not meet the statutory definition of a covered child.

We review challenges to final agency action decided on summary judgment *de novo* and pursuant to the Administrative Procedure Act's ("APA") arbitrary and capricious standard. 5 U.S.C. § 706(2)(A); *Turtle Island Restoration Network v. Nat'l Marine Fisheries Serv.*, 340 F.3d 969, 973 (9th Cir. 2003). We require an agency to "examine the relevant data and articulate a satisfactory explanation for its action," and we will strike down agency action as "arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency," or if the agency's decision "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court's findings regarding McNeely's Part B claims are supported by the record and are not arbitrary or capricious.[3] First, DOL has promulgated regulations governing what other documents its staff will consider

---

[3] DOL admits that McNeely's father was a member of the Special Exposure Cohort. Accordingly, though McNeely raised this issue in her opening brief, the parties no longer contest this point.

when medical records no longer exist. 20 C.F.R. § 30.113(b)–(c). Under *Auer v. Robbins*, 519 U.S. 452 (1997), an agency's interpretation of its own regulations is "controlling unless plainly erroneous or inconsistent with the regulation." *Id.* at 461 (citation and internal quotation marks omitted). Importantly, the claims at issue here required medical expertise to diagnose specific illnesses. Given that courts defer to an agency's informed discretion when technical expertise is required, it was reasonable for DOL to require submission of reliable documents that reflect the opinions of medical professionals to substantiate Senior's[4] medical diagnoses. *See Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1236 (9th Cir. 2001) (quoting *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 377 (1989)) (explaining that where an issue turns on factual issues requiring technical expertise, courts defer to an agency's expertise). Accordingly, DOL's decision not to rely on the evidence McNeely submitted as medical evidence was not arbitrary or capricious as DOL's decision plausibly was the product of agency expertise. *See Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43.

Second, McNeely argues the probability of causation calculation was fatally flawed because it excluded from the calculation Senior's employment with the Washington Public Power Supply System ("WPPSS") at Hanford between 1965

---

[4] For clarity, we refer to Plaintiff-Appellant Martha J. McNeely's father as "Senior."

4

and 1967. However, the agency reasoned that evidence in the record implies that the work Senior completed at Hanford between 1965 and 1967 was for a public electric utility rather than part of any DOE related employment covered by the Act. Courts uphold "a decision of less than ideal clarity if the agency's path may reasonably be discerned," *Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007), and courts cannot substitute an agency's judgment with their own, *Vigil v. Leavitt*, 381 F.3d 826, 833 (9th Cir. 2004). Accordingly, DOL's determination that Senior's employment at WPPSS is not covered employment under the Act was not arbitrary or capricious.

As to McNeely's Part E claims, assuming without deciding that the district court had jurisdiction over these claims[5], her Part E claims fail because McNeely has not established that she was a covered child at the time of Senior's death in 1981. *See* 42 U.S.C. § 7385s-3(d)(2)(C); *Watson v. Solis*, 693 F.3d 620, 624–26 (6th Cir. 2012) (analyzing the meaning of "incapable of self-support" under 42 U.S.C. § 7385s-3(d)(2)(C)). At that time, McNeely was 37 years old. The record supports DOL's conclusion that McNeely failed to provide evidence establishing

---

[5] At the time the district court decided the issue of subject matter jurisdiction pursuant to 42 U.S.C. § 7385s-6(a), the district court did not have the benefit of *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), to the extent that case sheds light on a close jurisdictional question. This Court need not resolve the jurisdictional question on the state of the record and in the context of a memorandum disposition given the Court's conclusion on ultimate coverage.

that she was incapable of self-support at the time of Senior's death. 42 U.S.C. § 7385s-3(d)(2)(C); *see, e.g., Vigil*, 381 F.3d at 833 (explaining that courts "must carefully review the record to ensure that agency decisions are founded on a reasoned evaluation of the relevant factors") (citation and internal quotation marks omitted). Accordingly, DOL's decision to deny McNeely benefits under Part E of the Act was not arbitrary or capricious.

In sum, because the record supports DOL's decision to deny McNeely's application and DOL has neither failed to consider an important aspect of the problem nor offered an explanation for its decision that runs counter to the evidence before DOL, the denial of McNeely's application for survivor benefits under the EEOICPA was not arbitrary or capricious. *See Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43.

**AFFIRMED.**